IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESSE CALLOWAY, IV,** *et al.*, | : | **CIVIL ACTION** |
| *Plaintiffs* | : | |
| | : | |
| v. | : | **NO. 24-CV-5332** |
| | : | |
| **AMERICAN EXPRESS** | : | |
| **NATIONAL BANK,** *et al.*, | : | |
| *Defendants* | : | |

**MEMORANDUM**

NITZA I. QUIÑONES, J.                                                                            OCTOBER 28, 2024

  Plaintiff Jesse Calloway, IV, ("Calloway") brings this *pro se* civil action against American Express National Bank, "CFO Christophe Le Caillec," and American Express Company. He also seeks leave to proceed *in forma pauperis*. For the reasons set forth, the Court will grant Calloway *in forma pauperis* status and dismiss the Complaint.

**I.  FACTUAL ALLEGATIONS**[1]

  Calloway[2] claims that his rights were violated when he applied for a credit card and was denied. In the complaint, Calloway alleges that on June 18, 2024, he submitted an online application to "American Express National Bank & American Express Company." (Compl. at 2.) He contends that he provided them with "collateral security in the form of an online 'application'" and received a letter on June 28 notifying him that his "security" was denied due to his FICO score. (*Id.*) He asserts that his score was unfair because it did not reflect his "positive payments &

---

[1]  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

[2]  In the caption of the form complaint that Calloway utilized to present his claims, he lists "Jesse Calloway IV Principal" and "Calloway IV, Jesse agent" as the plaintiffs. (Compl. at 1.) In the portion of the form complaint that instructs the user to list the parties, he wrote "Calloway IV, Jesse" as the name of the plaintiff. (*Id.*) Thus, the Court understands Jesse Calloway, IV to be the sole Plaintiff in this case.

accounts." (*Id*.) On July 8, he "sent a certified letter to claim [his] interest." (*Id*.) However, on July 15, Calloway received a letter "denying [his] right to be informed, [his] right to credit, and [his] right to incur debt as well as discharge it." (*Id*.) That same day, Calloway "sent an opportunity to cure," to which he received a response on July 26, however he had already sent a "notice of default" on July 25. (*Id*.) He claims that American Express obtained his "credits again this time without an application or anything else" on July 31. (*Id*.) As relief, Calloway requests an "unlimited, open ended credit card" as well as monetary damages, which he asserts are available to him under "section 29 of the Federal Reserve Act." (*Id*. at 3.)[3]

Calloway attached to his Complaint numerous pieces of correspondence. Specifically, Calloway attached a July 31, 2024 Customer Complaint Form that he submitted to the Office of the Comptroller of the Currency regarding the denial of his credit application. (*Id*. at 5-13.) He also attached letters he addressed to American Express, including a July 5 letter that is titled "Notice of Claim to Interest 1st Attempt" (*id.* at 14-16), a July 15 letter that is titled "Notice to Cure 2nd Letter" (*id*. at 17-18), a July 25 letter that is titled "Notice of Default" (*id*. at 19-20), and an August 5 letter that is titled "Notice of Summary of Events" (*id*. at 21-23). Calloway also includes with his pleading five letters from American Express addressed to him regarding the initial denial of his application for credit[4] and his subsequent demands for credit. (*See id*. at 24-28.)

---

[3]  Calloway also asserts that the undersigned has violated his rights in two prior cases. (Compl. at 3.) To the extent that Calloway seeks recusal of the undersigned based on prior rulings, that request is denied because recusal is not justified based upon a litigant's dissatisfaction with a Judge's rulings. *See Liteky v. United States*, 510 U.S. 540, 554 (1994); *In re Brown*, 623 F. App'x 575, 576 (3d Cir. 2015) (*per curiam*).

[4]  The June 22, 2024 letter and July 31, 2024 letter from American Express to Calloway attached to the Complaint indicate that his application for credit had been denied and that on June 18, 2024, his FICO score was 550. (Compl. at 25, 27.) The key factors that contributed to the FICO score were: "You have a serious delinquency on one or more of your accounts. The ratio of revolving account balances to their

## II.	STANDARD OF REVIEW

Calloway is granted leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, . . . contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), abrogated on other grounds recognized by *Fisher v. Hollingsworth,* 115 F.4th 197 (3d Cir. 2024). Further, conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Calloway is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel,* 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth*., No. 23-1105, 2024 WL 379959, at *3 (3d Cir.

---

credit limits is too high. The number of accounts that have or had a delinquency. The time since your latest reported delinquency is too recent or unknown." (*Id.*)

Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III. DISCUSSION

Calloway's Complaint, even when liberally construed, fails to allege a plausible claim. As an initial matter, a complaint cannot state a claim by relying solely on exhibits absent factual allegations in the complaint itself that explain the basis for the plaintiff's claims against the defendant. *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint.") (citations and quotations omitted).

In any event, the attachments to Calloway's Complaint reflect that he repeatedly contacted American Express seeking credit and that he is under the misapprehension that he has a right to an "unlimited, opened ended credit card." Both the Complaint and the letters to American Express that he attached to the Complaint include sovereign citizen verbiage, which courts have often characterized as invoking "alchemistic, archaic, and irrelevant formalism, [that is] unlikely to bring [a plaintiff] relief in any court of law." *Coppedge v. SLS LLC*, 2024 WL 511037, at *1 n.5 (3d Cir. Feb. 9, 2024) (*per curiam*). For example, in the Complaint, Calloway asserts that he provided "American Express Company with a collateral security in the form of an online 'application'" and that his "security was denied." (Compl. at 2.) In the letters to American Express that Calloway attached to his Complaint, he states that he "provided key security information turning [his] application into a security," and

4

> [a]ccording to UCC 8-301 and the SEC tells me that AMERICAN EXPRESS NATIONAL BANK has benefited from my security, but I have not received the same benefits, treatments, or interest," and "I know that AMERICAN EXPRESS NATIONAL BANK, have benefited from my security and stolen my rights away from me. I know that AMERICAN EXPRESS NATIONAL BANK and BNY MELLON have received credits on my behalf from the Federal Reserve and kept them for themselves. Please note that I gave AMERICAN EXPRESS NATIONAL BANK CFO Christophe le Caillec, and BNY MELLON Trustee Lawrence M. Kuschto a security collateral as the principal therefore making me entitled to receive remedy. I am here to claim what's mine as I am not dead or lost at sea. Please kindly review my security collateral and if there is something incorrect, inform me so it can be corrected in a timely manner. If there is no issue with my security, then I demand either issue me an unlimited credit card as it is my right to have as a living man, or send my interest/credit for violation of my right [to] Navy Federal Credit Union account number . . . .

(*See* Compl. at 2-3, 14-23.) "[L]egal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is frivolous. *See Blinke v. Sweeney*, No. 23-01259, 2023 WL 8361795, at *2 (M.D. Pa. Nov. 9, 2023) (explaining that "'sovereign citizen' or 'straw man' arguments have been widely rejected as frivolous by federal and state courts"), report and recommendation adopted, 2023 WL 8359908 (M.D. Pa. Dec. 1, 2023); *United States v. Crawford*, No. 19-15776, 2019 WL 5677750, at *3 (D.N.J. Nov. 1, 2019) (holding that criminal defendant's attempt to use "default judgment" and fake UCC financing statements against prosecutor had no legal force or effect); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars"), report and recommendation adopted, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020).

There are other problems with Calloway's Complaint. Calloway's reliance upon Section 29 of the Federal Reserve Act as a basis for damages,[5] is misplaced. Section 29 of the Federal

---

[5] Calloway requests the Court to impose a fine upon American Express in accordance with the Federal Reserve Act and references the attachments to his Complaint. (*See* Compl. at 3.) The August 5,

5

Reserve Act, 12 U.S.C. § 504, imposes penalties on banks for violating certain other provisions of the Act and related regulations. However, the imposition of civil penalties under § 504 is carried out by federal officials, and private individuals do not have a private right of action to enforce this provision. *Harp v. Police & Fire Fed. Credit Union*, No. 23-2577, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023); *see also Benz-Puente v. Truist Fin.*, No. 23-2682, 2023 WL 4763998, at *2 (E.D. Pa. July 26, 2023) (compiling cases finding that 12 U.S.C. § 504 "does not create a private right of action").

Calloway also contends that "[o]n the 31st day of July 2024 American Express obtained my credits again this time without an application or anything else." (Compl. at 2.) Liberally construing the Complaint, to the extent this statement could be an attempt to present a claim under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), Calloway has not alleged a plausible claim. The FCRA regulates the use of consumer reports and prohibits using or obtaining a consumer report for an impermissible purpose. See 15 U.S.C. §§ 1681b(a), 1681b(f); *Spokeo, Inc. v. Robins,* 578 U.S. 330, 334-35 (2016). In other words, "Congress prohibited credit agencies from releasing consumer credit reports 'unless the release occurs for one of the permissible purposes set forth in 15 U.S.C. § 1681b(a).'" *Gelman v. State Farm Mut. Auto. Ins. Co.,* 583 F.3d 187, 191 (3d Cir. 2009) (quoting *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir. 2004)); *see also Kirtz v. Trans Union LLC,* 46 F.4th 159, 165 n.4 (3d Cir. 2022) ("[T]he FCRA only permits credit reporting agencies to furnish credit reports in six circumstances and no other."), cert. granted *sub nom*. *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 143 S. Ct. 2636 (2023). Relevant here, the Act allows for disclosure in certain situations initiated by the consumer such as,

---

2024 "Notice of Summary of Events" letter to American Express that Calloway attached to his Complaint, informs American Express that as of the date of the letter he was owed $46 million in damages. (*See id.* at 23.)

when the consumer applies for credit, employment, insurance, or a license. *Gelman*, 583 F.3d at 191 (internal citations omitted); *see also* 15 U.S.C. § 1681b(a)(3)(A)-(F). In particular, the distribution of a credit report to an entity that "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to . . . the consumer" is a permissible purpose. See 15 U.S.C. § 1681b(a)(3)(A); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (*per curiam*). Calloway asserts that he applied for an American Express credit card and, as reflected in the attachments to his Complaint, repeatedly requested American Express to re-evaluate his credit application after the initial denial. (*See* Compl. at 16, July 5, 2024 "Notice of Claim to Interest 1st Attempt"; *id*. at 18, July 15, 2024 "Notice to Cure 2nd Letter"; *id.* at 20, July 25, 2024 "Notice of Default".) Further, the June 22 and July 31 letters from American Express to Calloway reflect that the credit denial was based on Calloway's FICO score as of June 18, 2024. (See Compl. at 25, 27.) Accordingly, Calloway has not plausibly alleged that American Express obtained his consumer report for an impermissible purpose.

IV.   **CONCLUSION**

For the foregoing reasons, the Court will dismiss Calloway's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Calloway will not be given leave to amend his claims because the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An Order follows, dismissing this case.

*NITZA I. QUIÑONES ALEJANDRO, J.*